**REESE LLP**
Michael R. Reese (SBN 206773)
Sue J. Nam (SBN 206729)
100 West 93rd Street, 16th Floor
New York, New York 10025
Telephone: (212) 643-0500
Email: mreese@reesellp.com
         snam@reesellp.com

**REESE LLP**
George V. Granade (SBN 316050)
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Telephone: (310) 393-0070
Facsimile (212) 253-4272
Email: ggranade@reesellp.com

**REESE LLP**
Charles D. Moore (to be admitted *pro hac vice*)
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
Telephone: 212-643-0500
Fax: 212-253-4272
Email: cmoore@reesellp.com

**QUAT LAW OFFICES**
Kenneth D. Quat (to be admitted *pro hac vice*)
373 Winch Street
Framingham, Massachusetts 01701
Telephone: (508) 872-1261
Email: ken@quatlaw.com

*Counsel for Plaintiff Haley Canaday
and the Proposed Class*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HALEY CANADAY, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> THE PROCTER & GAMBLE COMPANY, <br><br> Defendant. | Case No. **'21 CV 2024 AJB JLB** <br><br> **CLASS ACTION COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Plaintiff HALEY CANADAY ("Plaintiff") brings this Class Action Complaint, on behalf of herself and all others similarly situated, against Defendant THE PROCTER & GAMBLE COMPANY ("Defendant"), demanding a trial by jury, and alleges as follows:

## SUMMARY OF THE ACTION

1. This is a proposed class action complaint brought on behalf of a Class, as defined below, of California consumers who purchased aerosol antiperspirant products manufactured, marketed, advertised, sold and labeled by Defendant under the brand names "Secret" and "Old Spice" (the "Products").

2. Defendant failed inform Plaintiff and the Class members that the Products are benzene, a known carcinogen. Making matters worse, Defendant discloses some ingredients, but failed to disclose the presence of benzene.

3. Defendant's misrepresentations and omissions about the Products were uniform and were communicated to Plaintiff, and every other member of the Class, at every point of purchase and consumption throughout the Class Period.[1]

4. This lawsuit seeks to enjoin Defendant's false and misleading practices and to recover damages and restitution on behalf of the class under applicable state laws.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d) in that: (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of the State of California and the class she seeks to represent are also citizens of California and Defendant is a citizen of the State of Ohio; and (3) the amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs.

---

[1] The Class Period shall encompass all sales from December 1, 2017 through the date of entry of class certification (the "Class Period").

6.     This Court has personal jurisdiction over Defendant for reasons including but not limited to the following: Plaintiff's claims arise out of Defendant's conduct within the District, including the Products were sold to Plaintiff within the District and therefore the deception occurred within the District.

7.     Pursuant to 28 U.S.C. § 1391(d), venue is proper in this District because a substantial part of the events, omissions, acts and transactions giving rise to the claims herein occurred in the District.

## PARTIES

8.     Plaintiff is a citizen of California, residing in San Diego County, California. Plaintiff purchased Secret Powder Fresh Aerosol from Walmart in San Diego, California, in or around October 2021.The label of the Product she purchased did not identify benzene as an active or inactive ingredient. In fact, it did not disclose the presence of benzene at all.

9.     Plaintiff purchased the Product because she believed the Product did not contain benzene based on the representations on the principal display panel of the Product, and Defendant's omission of the fact that the Product contained benzene. Plaintiff remains in the market for PCPs, and continues to shop at Walmart and other locations where the Products are sold. If the Products did not contain benzene, as represented on the Product's label, Plaintiff would purchase the Product again in the immediate future. If the Court were to issue an injunction ordering Defendant to comply with the state and federal laws, and prohibiting Defendant's use of the deceptive practices discussed herein, Plaintiff would likely purchase the Products again in the near future. At present, however, Plaintiff cannot be confident that the labeling of the Products is, and will be, truthful and non-misleading.

10.     Had Defendant not made the false, misleading, and deceptive representations and omissions in failing to disclose the presence of benzene in the Products, Plaintiff would not have been willing to pay the same amount for the

Product, and, consequently, she would not have been willing to purchase the Product at all. Plaintiff purchased and/or paid more for the Product than she would have if she had known the truth about the Product. The Product Plaintiff received was worth less than the Product for which she paid. Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct.

11. Defendant THE PROCTER & GAMBLE COMPANY is incorporated in the State of Ohio, with its principal place of business at 1 Procter & Gamble Plaza, Cincinnati, Ohio 45202.

12. Defendant manufactures, markets, advertises and sells personal care products, also known as PCPs, including the Products, one or more of which were purchased by Plaintiff and members of the proposed Class. Defendant manufactured, marketed, advertised, distributed and sold its Products widely throughout the State of California and the Southern District of California during the Class Period.

13. Defendant is a top manufacturer and distributor of PCPs, including deodorant and antiperspirant products.

14. On information and belief, in committing the wrongful acts alleged herein, Defendant, in connection with its subsidiaries, affiliates, and/or other related entities and their employees, planned, participated in and furthered a common scheme to induce members of the public to purchase the Products by means of false, misleading, deceptive and fraudulent acts and omissions.

**FACTS COMMON TO ALL CAUSES OF ACTION**

15. Appended hereto is a true copy of a Citizen Petition ("Petition") dated November 3, 2021, submitted to the Food and Drug Administration ("FDA") by Valisure, LLC. Valisure is "an analytical laboratory that is accredited to International Organization for Standardization ("ISO/TEC") 17025:2017 standards for chemical testing (PJLA Accreditation Number 94238)." Exhibit A.

16. The Petition concerns results of analytical testing conducted by

CLASS ACTION COMPLAINT
- 3 -

Valisure on a variety of "body spray" products, including the Products that are the subject of this Complaint. The testing indicated that all of the Products contained benzene.

17.     Benzene "is used as a constituent in motor fuels; as a solvent for fats, waxes, resins, oils, inks, paints, plastics, and rubber; in the extraction of oils from seeds and nuts; and in photogravure printing. It is also used as a chemical intermediate. Benzene is also used in the manufacture of detergents, explosives, pharmaceuticals, and dyestuffs."[2]

18.     The harmful effects of benzene on human health are well documented and well accepted. According to the Centers for Disease Control and Prevention ("CDC"):

> The major effect of benzene from long-term exposure is on the blood. (Long-term exposure means exposure of a year or more.) Benzene causes harmful effects on the bone marrow and can cause a decrease in red blood cells, leading to anemia. It can also cause excessive bleeding and can affect the immune system, increasing the chance for infection. Some women who breathed high levels of benzene for many months had irregular menstrual periods and a decrease in the size of their ovaries. . . . Animal studies have shown low birth weights, delayed bone formation, and bone marrow damage when pregnant animals breathed benzene.[3]

19.     Thus, "[t]he Department of Health and Human Services (DHHS) has determined that benzene causes cancer in humans. Long-term exposure to high levels of benzene in the air can cause leukemia, cancer of the blood-forming organs." *Id.*

20.     Indeed, in 1948, the American Petroleum Institute stated: "it is

---

[2] https://www.epa.gov/sites/default/files/2016-09/documents/benzene.pdf

[3] https://emergency.cdc.gov/agent/benzene/basics/facts.asp

generally considered that the only absolutely safe concentration for benzene is zero."[4]

21. The Petition describes the dangers of benzene to human health as follows:

> The centers for Disease Control and Prevention ("CDC") has determined that benzene causes cancer in humans. The World Health Organization ("WHO") and the International Agency for Research on Cancer ("IARC") Have classified benzene as a Group 1 compound and lists it as a "Class 1 solvent" that "should not be employed in the manufacture of drug substances, excipients, and drug products because of their unacceptable toxicity . . . However, if their use is unavoidable in order to produce a be restricted" and benzene is restricted under such guidance to 2 parts per million ("ppm").

22. The Petition goes on to state:

> Because many of the body spray products Valisure tested did not contain detectable levels of benzene, it does not appear that benzene use is unavoidable for their manufacture, and considering the log history and widespread use of these products,. It does not appear that they currently constitute a significant therapeutic advance; therefore, any significant detection of benzene should be deemed unacceptable.[5]

23. The Petition asks the FDA to, *inter alia,* recall the batches of products tested, to notify the public of the products' dangers, and to conduct further examination and testing of such products.

24. The FDA regulates antiperspirants as over-the-counter ("OTC") drugs, not as cosmetics. 21 C.F.R. § 350.3.

25. It is a violation of Food Drug and Cosmetic Act ("FDCA") to manufacture or to introduce into commerce any misbranded or adulterated drug. 21

---

[4] American Petroleum Institute, API Toxicology Review, Benzene 1948.

[5] Exhibit A.

C.F.R. § 350.1(a), (g).

26.     An OTC antiperspirant "is generally recognized as safe and effective and is not misbranded if it meets . . . *each* condition established in § 330.1" 21 C.F.R. § 350.1(a) (emphasis added).

27.     Section 330.1(c)(1) mandates that the label be in compliance with section 201.66 of the FDCA. Section 201.66(c) mandates that the label identify the active and inactive ingredients. *See* 21 C.F.R. § 201.66(c)(2) & (8). By failing to list benzene, the Products do not meet the requirements of sections 201.66 and 330.01 and is therefore misbranded.

28.     Further, section 330.1(e) mandates that it contain only suitable inactive ingredients which are safe in the amounts administered. 21 C.F.R. § 330.1(e). As a known carcinogen, benzene is not included in the list of ingredients that the FDA allows to be contained in antiperspirant products. 21 C.F.R. § 350.10. As a result, the Products are misbranded.

29.     Still further, a drug is misbranded "if its labeling is false or misleading in any particular." 21 U.S.C. § 352(a)(1). It is also considered misbranded if its labeling does not list "the proportion of each active ingredient" (21 U.S.C. §352(e)(1)(A)(ii)). or "[i]f it is dangerous to health when used in the dosage or manner, or with the frequency or duration prescribed, recommended, or suggested in the labeling thereof." 21 U.S.C. §352(j).

30.     A drug is adulterated "if it consists in whole or in part of any filthy, putrid, or decomposed substance; or . . . whereby it may have been rendered injurious to health." 21 U.S.C. § 352(a)(2)(B).

31.     Valisure tested several batches of Secret Powder Fresh 24 Hour Aerosol Antiperspirant. The testing indicated benzene levels of 16.2 PPM, 16.1 PPM, and 12.5 PPM. The first batch listed was also tested by the Chemical and Biophysical Instrumentation Center at Yale University, which found a benzene contamination

1  level of 13.1 PPM.

2      32.    Valisure also tested several batches of Secret Cool Light & Airy

3  Smooth Feel Dry Spray Antiperspirant, finding benzene contamination levels of 4.85

4  PPM, 2.58 PPM, 1.64 PPM and 1.35 PPM.

5      33.    Valisure also tested Secret Out Last Protecting Powder, 48 Hour Sweat

6  & Odor Protection Antiperspirant, finding a benzene contamination level of 1.24

7  PPM.

8      34.    Valisure tested three batches of Old Spice Pure Sport antiperspirant,

9  finding benzene contamination levels of 17.7 PPM, 17.4 PPM, and 3.34 PPM.

10      35.    Valisure tested Old Spice Sweat Defense, Stronger Swagger Dry Spray

11  antiperspirant, finding a benzene contamination level of 4.54 PPM.

12      36.    Valisure tested Old Spice Sweat Defense, Ultimate Captain Dry Spray,

13  finding a benzene contamination level of 0.44 PPM.

14      37.    None of the Products' labels identify benzene as an active or inactive

15  ingredient.

16      38.    None of the Products' labels identify the presence of benzene within

17  the Products.

18      39.    Defendant's deceptive acts about the Products as set forth herein were

19  uniform and were communicated to Plaintiff, and to every other member of the

20  Class, at every point of purchase and consumption.

21      40.    By failing to disclose the presence of benzene, particularly when it

22  discloses the presence of other ingredients, Defendant deceives and misleads

23  reasonable consumers. A reasonable consumer purchases the Products believing

24  they do not contain benzene based on the Products' labeling.

25      41.    Reasonable consumers, including Plaintiff, purchased the Products

26  based upon their belief that they do not contain benzene.

27      42.    Unfortunately for consumers, the Products contain benzene.

28

43.     Hence, Defendant's labeling is false and misleading.

44.     Defendant has profited enormously from its false and misleading marketing of the Products. Consumers either would not have purchased the Products had they known they contain benzene or would have purchased less expensive products.

45.     In making the false, misleading, and deceptive representations and omissions described herein, Defendant knew and intended that consumers would pay for, and/or pay a premium for, Products that did not disclose that they contain benzene.

46.     As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representations and omissions, Defendant injured Plaintiff and the Class members in that they:

        a.     Paid a sum of money for the Products, which were not what Defendant represented;

        b.     Paid a premium price for the Products, which were not what Defendant represented;

        c.     Were deprived of the benefit of the bargain because the Products they purchased were different from what Defendant represented;

        d.     Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

        e.     Could not safely be used for the purpose for which they were purchased; and

        f.     Were of a different quality than what Defendant promised.

47.     Had Defendant not made the false, misleading, and deceptive representations and omissions, Plaintiff and the Class members would not have been willing to pay the same amount for the Products they purchased, and/or Plaintiff and the Class members would not have been willing to purchase the Products at all.

48.    Plaintiff and the Class members paid for Products that did not contain benzene but received Products that contained benzene. The Products Plaintiff and the Class members received were worth less than the Products for which they paid.

49.    Based on Defendant's misleading and deceptive representations, Defendant was able to, and did, charge a premium price for the Products over the cost of competitive products that did not contain benzene.

50.    Plaintiff and the Class members all paid money for the Products. However, Plaintiff and the Class members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class members purchased and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

## RULE 9(b) ALLEGATIONS

51.    Federal Rule of Civil Procedure ("Rule") 9(b) provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). As detailed in the paragraphs above, Plaintiff has satisfied the requirements of Rule 9(b) by establishing the following elements with sufficient particularity:

52.    WHO: Defendant made material misrepresentations and omissions by failing to adequately disclose material facts as detailed herein. Except as identified herein, Plaintiff is unaware, and therefore unable to identify, the true names and identities of those individuals at Defendant who are responsible for such material misrepresentations and/or omissions.

53.    WHAT: Defendant made material misrepresentations regarding the inclusion of benzene in the Products. Specifically, Defendant labeled the Products with some ingredients but failed to disclose the presence of benzene within the

Products. By labeling the Products with some ingredients, but not benzene, Defendant communicated to reasonably consumers that the Products did not contain benzene. These representations were false and misleading because the Products contained benzene.

54.  WHEN: Defendant made the material misrepresentations, omissions, and non-disclosures detailed herein continuously at every point of purchase and consumption throughout the Class Period.

55.  WHERE: Defendant's material misrepresentations, omissions, and non-disclosures detailed herein were made, *inter alia*, on the packaging of the Products.

56.  HOW: Defendant made numerous, written material misrepresentations, omissions, and non-disclosures on the packaging of the Products that were designed to, and, in fact, did, mislead Plaintiff and Class members into purchasing the Products.

57.  WHY: Defendant engaged in the material misrepresentations, omissions, and non-disclosures detailed herein for the express purpose of inducing Plaintiff and other reasonable consumers to purchase and/or pay a premium for the Products based on the belief that the Products did not contain benzene. Defendant profited by selling the Products to thousands of unsuspecting consumers.

## CLASS ALLEGATIONS

58.  Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23.  Plaintiff seeks to represent the following class ("Class" or "California Class") defined as follows:

All consumers within the State of California who purchased the Products from December 1, 2017 through the date of entry of class certification for their personal use, rather than for resale or distribution.  Excluded from the Class are Defendant's current or

1    former officers, directors, and employees; counsel for Plaintiff
2    and Defendant; and the judicial officer to whom this lawsuit is
3    assigned.

4  The requirements of Federal Rule of Civil Procedure 23 are satisfied because:

5    A.    Numerosity: The members of the class are so numerous that
6  joinder of all members is impracticable.  While the exact number of class members
7  is presently unknown to Plaintiff, based on Defendant's volume of sales, Plaintiff
8  estimates that it is in the thousands.

9    B.    Commonality: There are questions of law and fact that are
10 common to the class members and that predominate over individual questions.
11 These include the following:

12    i.    Whether Defendant materially misrepresented, omitted,
13          and/or failed to disclose to the class members that the
14          Products contained benzene;

15    ii.   Whether Defendant's misrepresentations and omissions
16          were material to reasonable consumers;

17    iii.  Whether Defendant's labeling, marketing, and sale of the
18          Products constitutes an unfair, unlawful, or fraudulent
19          business practice;

20    iv.   Whether Defendant's labeling, marketing, and sale of the
21          Products constitutes false advertising;

22    v.    Whether Defendant's conduct injured consumers and, if
23          so, the extent of the injury; and

24    vi.   The appropriate remedies for Defendant's conduct.

25    C.    Typicality: Plaintiff's claims are typical of the claims of the class
26 members because Plaintiff suffered the same injury as the class members—*i.e.*,
27 Plaintiff    purchased    the    Products    based    on    Defendant's    misleading
28

1  misrepresentations, omissions, and non-disclosures that the Products did not contain

2  benzene.

3      D.  __Adequacy__: Plaintiff will fairly and adequately represent and

4  protect the interests of the members of each class.  Plaintiff does not have any

5  interests that are adverse to those of the class members.  Plaintiff has retained

6  competent counsel experienced in class action litigation and intends to prosecute this

7  action vigorously.

8      E.  __Superiority__: A class action is superior to other available methods

9  for the fair and efficient adjudication of this controversy.  Class action treatment will

10  permit a large number of similarly situated persons to prosecute their common

11  claims in a single forum simultaneously, efficiently, and without the unnecessary

12  duplication of effort and expense that numerous individual actions would engender.

13  Since the damages suffered by individual class members are relatively small, the

14  expense and burden of individual litigation make it virtually impossible for the class

15  members to seek redress for the wrongful conduct alleged, while an important public

16  interest will be served by addressing the matter as a class action.

17      59.  The prerequisites for maintaining a class action for injunctive or

18  equitable relief under Federal Rule of Civil Procedure 23(b)(2) are met because

19  Defendant had acted or refused to act on grounds generally applicable to each class,

20  thereby making appropriate final injunctive or equitable relief with respect to each

21  class as a whole.

## FIRST CAUSE OF ACTION
### Violation of the Unfair Competition Law,
### California Bus. & Prof. Code § 17200 *et seq.*
### (On Behalf of the Class)

22

23

24

25      60.  Plaintiff incorporates by reference the allegations set forth above.

26      61.  Plaintiff brings this claim for violation of the Unfair Competition Law,

27  Bus. & Prof. Code § 17200 *et seq.* ("UCL"), on behalf of the Class.

28      62.  The circumstances giving rise to Plaintiff's and the Class members'

1  allegations include Defendant's corporate policies regarding the sale and marketing
2  of the Products.

3      63.    Under the UCL, "unfair competition" means and includes "any
4  unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue
5  or misleading advertising and any act prohibited by" the CAL. BUS. & PROF. CODE
6  § 17200.

7      64.    By engaging in the acts and practices described herein, Defendant
8  commits one or more acts of "unfair competition" as the UCL defines the term.

9      65.    Defendant committed, and continues to commit, "unlawful" business
10  acts or practices by, among other things, violating:

11          a.    The FDCA by introducing into commerce misbranded and/or
12                adulterated OTC antiperspirants, *see* 21 U.S.C. §§ 351 and 352;
13                and 21 C.F.R. § 350.1(a); *see* also ¶¶ 24-30.

14          b.    The Fair Packaging and Labeling Program ("FPLP") by
15                introducing into commerce consumer commodities that did not
16                accurately list all the contents (i.e. benzene), *ee* 15 U.S.C. §§
17                1452 and 1453. By failing to list benzene, Defendants violated
18                the FPLP;

19          c.    The Sherman Food, Drug, and Cosmetic Act, *see* Cal. Health and
20                Safety Code §§ 111440 and 111445, by misbranding the
21                Products as follows:

22              i.    Labeling the Products with false and misleading labeling
23                    by failing to disclose the presence of benzene, *see* Cal.
24                    Health and Safety Code § 111330;

25              ii.   Failing to conform with labeling requirements,
26                    specifically, failing to disclose the presence of benzene,
27                    *see* Cal. Health and Safety Code §§ 111335 and 110290;

28

CLASS ACTION COMPLAINT

1          and

2                iii.      Failing include an accurate statement of the quantity of

3                          the contents, specifically, benzene, *see* Cal. Health and

4                          Safety Code § 111340; and

5          d.      The CLRA and the FAL as described herein.

6      66.      Defendant committed, and continues to commit, "unfair" business acts

7  or practices by, among other things:

8          a.      Engaging in conduct for which the utility of the conduct, if any,

9                  is outweighed by the gravity of the consequences to Plaintiff and

10                 the members of the Class;

11         b.      Engaging in conduct that is immoral, unethical, oppressive,

12                 unscrupulous, or substantially injurious to Plaintiff and the

13                 members of the Class; and

14         c.      Engaging in conduct that undermines or violates the spirit or

15                 intent of the consumer protection laws that this Class Action

16                 Complaint invokes.

17     67.      Defendant committed, and continues to commit, "fraudulent" business

18 acts or practices because, as alleged above, Defendant's misrepresentations,

19 omissions, and non-disclosures concerning the Products were false and misleading,

20 and Plaintiff and the Class members relied on those misrepresentations, omissions,

21 and non-disclosures in purchasing the Products.

22     68.      Defendant commits unlawful, unfair, and fraudulent business acts or

23 practices by, among other things, engaging in conduct Defendant knew or should

24 have known was likely to and did deceive reasonable consumers, including Plaintiff

25 and the Class members.

26     69.      As detailed above, Defendant's unlawful, unfair, and fraudulent

27 practices include making false and misleading misrepresentations, omissions, and

28

CLASS ACTION COMPLAINT
- 14 -

1   non-disclosures by failing to disclose that the Products contained benzene.

2        70.    Plaintiff and the Class members believed Defendant's that the Products

3   did not contain benzene based on Defendant's failure to state as such while

4   simultaneously stating the Products contained other ingredients. Plaintiff and the

5   Class members would not purchase the Products, but for Defendant's misleading

6   misrepresentations, omissions, and non-disclosures.

7        71.    Defendant's failure to disclose the existence of benzene in the Products

8   caused an unreasonable safety hazard by exposing Plaintiff and the Class members

9   to a known carcinogen.

10       72.    Plaintiff and the Class members are injured in fact and lost money as a

11  result of Defendant's conduct of failing to disclose that the Products contained

12  benzene. Plaintiff and the Class members pay for Products that did not contain

13  benzene, but received Products that contained benzene.

14       73.    Plaintiff and the Class members seek declaratory relief, injunctive

15  relief, and other relief allowable under Business and Professions Code section

16  17203, including but not limited to enjoining Defendant from continuing to engage

17  in its unfair, unlawful, and fraudulent conduct alleged herein.

18       74.    Therefore, Plaintiff prays for relief as set forth below.

19                    **SECOND CAUSE OF ACTION**
20  **Violation of the Consumers Legal Remedies Act**
    **California Civ. Code § 1750 *et seq*.**
21  **(On Behalf of the Class)**

22       75.    Plaintiff incorporates by reference the allegations set forth above.

23       76.    Plaintiff and the California Class members are "consumers" under the

24  California Consumers Legal Remedies Act ("CLRA"), California Civil Code section

25  1761(d).

26       77.    The Products are "goods" under California Civil Code section 1761(a).

27       78.    The purchases by Plaintiff and the California Class members of the

28

1    Products are "transactions" under California Civil Code section 1761(e).

2        79.    Under section 1770 of the CLRA:

3                    (a) The following unfair methods of competition and
4                    unfair or deceptive acts or practices undertaken by any
                     person in a transaction intended to result or which results
5                    in the sale or lease of goods or services to any consumer
6                    are unlawful:

7                    *    *    *    *    *

8                    (5) Representing that goods or services have sponsorship,
9                    approval, characteristics, ingredients, uses, benefits, or
                     quantities which they do not have or that a person has a
10                   sponsorship, approval, status, affiliation, or connection
11                   which he or she does not have.

12                   *    *    *    *    *

13                   (7) Representing that goods or services are of a particular
14                   standard, quality, or grade, or that goods are of a
                     particular style or model, if they are of another.
15
16                   *    *    *    *    *

17                   (9) Advertising goods or services with intent not to sell
18                   them as advertised.

19                   *    *    *    *    *

20                   (16) Representing that the subject of a transaction has
21                   been supplied in accordance with a previous
                     representation when it has not.
22   *Id.* § 1770.

23        80.    As alleged above, Defendant violated, and continues to violate, Civil

24   Code section 1770(a)(5) by representing the Products have characteristics, uses,

25   benefits, and qualities which they do not. Specifically, Defendant represents the

26   Products do not contain benzene, and with it, are free of carcinogens, when, in fact,

27   the Products contained benzene, a carcinogen.

28
                            CLASS ACTION COMPLAINT

81. Further, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(7) by representing the Products are of a particular standard or quality when they are of another. Specifically, Defendant represents the Products do not contain benzene, and with it, are free of carcinogens, when, in fact, the Products contained benzene, a carcinogen.

82. Further, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(9) by advertising the Products do not contain benzene, and with it, are free of carcinogens, when, in fact, the Products contained benzene, a carcinogen.

83. Finally, as alleged above, Defendant violated, and continues to violate, Civil Code section 1770(a)(16) by representing that the Products it sold Plaintiff and the Class members contained only the ingredients listed on the label, in fact, the Products do not.

84. Defendant violates the CLRA by failing to disclose that the Products contain benzene, as described above, when it knows, or should know, that the Products do in fact contain benzene.

85. Plaintiff and the Class members believed the Products did not contain benzene based on Defendant's failure to state the Products contain benzene when it listed other ingredients. Plaintiff and the Class members would not purchase the Products, but for Defendant's misleading misrepresentations, omissions, and non-disclosures.

86. Defendant's failure to disclose the existence of benzene in the Products caused an unreasonable safety hazard by exposing Plaintiff and the Class members to a known carcinogen.

87. Plaintiff and the Class members are injured in fact and lose money as a result of Defendant's conduct. Plaintiff and the Class members pay for Products that do not contain benzene but do not receive such Products because the Products

1  contained benzene.

2      88.    On information and belief, Defendant's actions were willful, wanton,
3  and fraudulent.

4      89.    On information and belief, officers, directors, or managing agents at
5  Defendant authorized the use of the misleading statements about the Products.

6      90.    Plaintiff seeks injunctive relief only, but reserves the right to amend to
7  include claims for damages at a later date.

8      91.    Pursuant to Civil Code sections 1780 and 1782, Plaintiff and California
9  Class members seek an injunction to bar Defendant from continuing their deceptive
10 advertising practices, and reasonable attorneys' fees and costs.

11                    **THIRD CAUSE OF ACTION**
12            **Violation of the False Advertising Law,**
            **California Bus. & Prof. Code § 17500** *et seq.*
13                    **(On Behalf of the Class)**

14     92.    Plaintiff incorporates by reference the allegations set forth above.

15     93.    Plaintiff brings this claim for violation of the False Advertising Law,
16 BUS. & PROF. CODE § 17500 *et seq.* ("FAL"), on behalf of the Class.

17     94.    The FAL makes it unlawful for a person, firm, corporation, or
18 association to induce the public to buy its products by through misleading
19 misrepresentations, omissions, and non-disclosures about the Products.

20     95.    At all relevant times, Defendant failed to disclose, and continues to fail
21 to disclose, that the Products contained benzene.

22     96.    Defendant failed to make the disclosure with the intent to directly
23 induce consumers, including Plaintiff and the Class members, to purchase the
24 Products.

25     97.    Through    misleading    misrepresentations,    omissions,    and    non-
26 disclosures alleged herein, Defendant knew or should have known the existence of
27 benzene in the Products was material to consumers and it failure to disclose its

28

1 presence in the Products lead consumers to believe it was not in the Products.

2      98.    Plaintiff and the Class members believed the Products did not contain

3 benzene. Plaintiff and the Class members would not purchase the Products if they

4 knew the Products contained benzene.

5      99.    Defendant's failure to disclose the existence of benzene in the Products

6 caused an unreasonable safety hazard by exposing Plaintiff and the Class members

7 to a known carcinogen.

8      100.   Plaintiff and the Class members are injured in fact and lost money as a

9 result of Defendant's misleading misrepresentations, omissions, and non-

10 disclosures. Plaintiff and the Class members pay for Products that did not contain

11 benzene, but receive Products that contain benzene.

12      101.   The Products Plaintiff and the Class members receive are worth less

13 than the Products for which they pay. Plaintiff and the Class members pay a premium

14 price on account of Defendant's misleading misrepresentations, omissions, and non-

15 disclosures.

16      102.   Pursuant to California Business & Professions Code section 17535,

17 Plaintiff and the California Class members seek restitution of the purchase price paid

18 for the Products and an injunction barring Defendant from continuing its deceptive

19 practices.

20      103.   Therefore, Plaintiff prays for relief as set forth below.

21 **<u>PRAYER FOR RELIEF</u>**

22      WHEREFORE, Plaintiff, individually and on behalf of the members of the

23 Class, respectfully requests the Court to enter an Order:

24     A.    certifying the proposed Class under Federal Rule of Civil Procedure

25        23(a), (b)(2), and (b)(3), as set forth above;

26     B.    declaring that Defendant is financially responsible for notifying the

27        Class members of the pendency of this suit;

28

1    C.    declaring that Defendant has committed the violations of law alleged

2            herein;

3    D.    providing for any and all injunctive relief the Court deems appropriate;

4    E.    awarding statutory damages in the maximum amount for which the law

5            provides;

6    F.    awarding monetary damages, including but not limited to any

7            compensatory, incidental, or consequential damages in an amount that

8            the Court or jury will determine, in accordance with applicable law;

9    G.    awarding punitive or exemplary damages in accordance with proof and

10          in an amount consistent with applicable precedent;

11    H.    awarding Plaintiff reasonable costs and expenses of suit, including

12          attorneys' fees;

13    I.    awarding pre- and post-judgment interest to the extent the law allows;

14          and

15    J.    for such further relief as this Court may deem just and proper.

16               **<u>DEMAND FOR JURY TRIAL</u>**

17    Plaintiff hereby demands trial by jury on all claims so triable.

18    Date:  December 1, 2021        Respectfully submitted,

19                             _/s/ George V. Granade_

20                           George V. Granade (SBN 316050)

21                           **REESE LLP**

                              8484 Wilshire Boulevard, Suite 515

22                           Los Angeles, California 90211

                              Telephone: (310) 393-0070

23                           Facsimile  (212) 253-4272

24                           Email: _ggranade@reesellp.com_

25

26                           **REESE LLP**

                              Michael R. Reese (SBN 206773)

27                           Sue J. Nam (SBN 206729)

                              100 West 93rd Street, 16th Floor

28                           New York, New York 10025

CLASS ACTION COMPLAINT

- 20 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (212) 643-0500
Email:  mreese@reesellp.com
          snam@reesellp.com

**REESE LLP**
Charles D. Moore (to be admitted *pro hac vice*)
100 South 5th Street, Suite 1900
Minneapolis, MN 55402
Telephone: 212-643-0500
Fax: 212-253-4272
Email: cmoore@reesellp.com

**QUAT LAW OFFICES**
Kenneth D. Quat (to be admitted *pro hac vice*)
373 Winch Street
Framingham, Massachusetts 01701
Telephone: (508) 872-1261
Email: ken@quatlaw.com

*Counsel for Plaintiff Haley Canaday and the Proposed Class*